## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Richmond Division

**RASHAD MUHAMMAD,**

     Plaintiff,

v.                                        Civil Action No. **3:07CV772**

**TIDEWATER SKANSKA, INC.,**

     Defendant.

### REPORT AND RECOMMENDATION

Plaintiff, a Virginia inmate, brings this 42 U.S.C. § 1983 action. The matter is before the Court for evaluation pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A. Jurisdiction is appropriate pursuant to 28 U.S.C. §§ 636(b) and 1343(a)(3).

### Preliminary Review

This Court must dismiss any action filed by a prisoner if the Court determines the action (1) "is frivolous" or (2) "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2); *see* 28 U.S.C. § 1915A. The first standard includes claims based upon "'an indisputably meritless legal theory,'" or claims where the "'factual contentions are clearly baseless.'" *Clay v. Yates*, 809 F. Supp. 417, 427 (E.D. Va. 1992) (*quoting Neitzke v. Williams*, 490 U.S. 319, 327 (1989)). The second standard is the familiar standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6).

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (*citing* 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356

(1990)).  In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded

allegations are taken as true and the complaint is viewed in the light most favorable to the

plaintiff.  *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993); *see also Martin*, 980

F.2d at 952.

The Federal Rules of Civil Procedure "require[] only 'a short and plain statement of the

claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of

what the . . . claim is and the grounds upon which it rests.'"  *Bell Atl. Corp. v. Twombly*, 127 S.

Ct. 1955, 1964 (2007) (*quoting Conley v. Gibson*, 355 U.S. 41, 47 (1957)).  Courts long have

cited the "rule that a complaint should not be dismissed for failure to state a claim unless it

appears beyond doubt that the plaintiff can prove no set of facts in support of [a] claim which

would entitle him [or her] to relief."  *Conley,* 355 U.S. at 45-46.  In *Bell Atlantic Corp.*, the

United States Supreme Court noted that the complaint need not assert "detailed factual

allegations," but must contain "more than labels and conclusions" or a "formulaic recitation of

the elements of a cause of action."  127 S. Ct. at 1964-65 (citations omitted).  Thus, the "[f]actual

allegations must be enough to raise a right to relief above the speculative level," *id.* at 1965

(citation omitted), to one that is "plausible on its face," *id.* at 1974, rather than "conceivable."  *Id*.

Therefore, in order for a claim or complaint to survive dismissal for failure to state a claim, the

plaintiff must "allege facts sufficient to state all the elements of [his or] her claim."  *Bass v. E.I.*

*Dupont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (*citing Dickson v. Microsoft Corp*.,

309 F.3d 193, 213 (4th Cir. 2002); *Iodice v. United States*, 289 F.3d 270, 281 (4th Cir. 2002)).

Lastly, while the Court liberally construes *pro se* complaints, *Gordon v. Leeke*, 574 F.2d 1147,

1151 (4th Cir. 1978), it does not act as the inmate's advocate, *sua sponte* developing statutory

2

and constitutional claims the inmate failed to clearly raise on the face of his complaint. *See Brock v. Carroll*, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## Summary of Allegations

Plaintiff, an inmate confined in the Virginia Department of Corrections, has filed this 42 U.S.C. § 1983 action against his former employer, Tidewater Skanska, Inc. ("Tidewater"). Plaintiff alleges that Tidewater's employees engaged in racial and gender discrimination, retaliation, and sexual harassment in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*

## Analysis

In order to state a viable claim under 42 U.S.C. § 1983, a plaintiff must allege that a person acting under color of state law deprived him or her of a constitutional right or of a right conferred by a law of the United States. *See Dowe v. Total Action Against Poverty in Roanoke Valley*, 145 F.3d 653, 658 (4th Cir. 1998). Here, Plaintiff has failed to identify what constitutional right was purportedly infringed.[1] Even if the Court were to liberally construe

---

[1] The only rights Plaintiff specifically identifies as having been violated are those rights set forth in Title VII. Title VII, however, prohibits a claimant from invoking the jurisdiction of the federal courts unless the claimant has exhausted the administrative procedures enumerated in 42 U.S.C. § 2000e-5 and been issued a right-to-sue letter by the Equal Employment Opportunity Commission ("EEOC"). *See Davis v. N.C. Dep't of Corr.*, 48 F.3d 134, 137-38 (4th Cir. 1995). As the Supreme Court has recognized, "action by the EEOC . . . is a predicate for litigation based on the federal statute." *Yellow Freight Sys., Inc. v. Donnelly*, 494 U.S. 820, 825 (1990). In his complaint, Plaintiff states that he has filed an action with the EEOC but admits that the EEOC has not yet addressed his complaint. Thus, the undersigned recommends dismissal of Plaintiff's Title VII claims for lack of subject matter jurisdiction. *See In re Bulldog Trucking, Inc.*, 147 F.3d 347, 352 (4th Cir. 1998) (requiring district court to determine, *sua sponte*, if a valid basis

Plaintiff to have raised his race discrimination claim under the Equal Protection Clause of the Fourteenth Amendment[2] pursuant to 42 U.S.C. § 1983,[3] the Court would still recommend dismissal for failure to state a claim because Tidewater, the only named defendant in this action, is a private corporation not covered by Section 1983. *See Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999). Plaintiff has provided no explanation as to why this Court should consider Tidewater to be a state actor or to have acted under color of state law. *See Holly v. Scott*, 434 F.3d 287, 293-294 (4th Cir. 2006); *Mentavlos v. Anderson*, 249 F.3d 301, 313 (4th Cir. 2001); *see also Am. Mfrs.*, 526 U.S. at 50 ("[T]he under-color-of-state-law element of § 1983 excludes from its reach 'merely private conduct, no matter how discriminatory or wrongful.'" (*quoting Blum v. Yaretsky*, 457 U.S. 991, 1002 (1982))). Accordingly, Plaintiff has no claim against this private corporation.

## Conclusion

For the aforementioned reasons, it is RECOMMENDED that Plaintiff's claims and the action be DISMISSED WITHOUT PREJUDICE.

Plaintiff is advised that he may file specific written objections to the Report and Recommendation within ten (10) days of the date of entry hereof. Such objections should be

---

for its jurisdiction exists, "and to dismiss the action if no such ground appears."); *see also* Fed. R. Civ. P. 12(h)(3).

[2] "No State shall . . . deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1.

[3] *Tipler v. Douglas County*, 482 F.3d 1023, 1027 (8th Cir. 2007) (recognizing that analysis under Title VII and § 1983 is essentially the same when a plaintiff alleges an equal protection violation (citing cases)).

4

numbered and identify with specificity the legal or factual deficiencies of the Magistrate Judge's findings. Failure to timely file specific objections to the Report and Recommendation may result in the entry of an Order dismissing the complaint. *See* Fed. R. Civ. P. 72(b). It may also preclude further review or appeal from such judgment. *See Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).

If Plaintiff wishes to file an amended complaint to correct the deficiencies described above, he must submit an amended complaint within ten (10) days of the date of entry hereof. *See Williams v. Wilkerson*, 90 F.R.D. 168 (E.D. Va. 1981). Such complaint must set forth legibly, in separately numbered paragraphs, a short statement of the facts giving rise to each claim against each defendant. Plaintiff must also state what civil rights he believes each defendant violated and explicitly state how said defendant's actions violated each constitutional right. Any amended complaint will supplant his current complaint and all prior submissions. The amended complaint must stand or fall of its own accord.

The Clerk is DIRECTED to send a copy of the Report and Recommendation to Plaintiff. And it is so ORDERED.

/s/
_____
M. Hannah Lauck
United States Magistrate Judge

Date: <u>May 2, 2008</u>
Richmond, Virginia