IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

RASHAD MUHAMMAD,

    Plaintiff,

v.                                                                                             Civil Action No. **3:07CV772**

TIDEWATER SKANSKA, INC.,

    Defendant.

## MEMORANDUM OPINION

Plaintiff, a Virginia inmate, brings this 42 U.S.C. § 1983 action. The matter is before the Court for evaluation pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A. Jurisdiction is appropriate pursuant to 28 U.S.C. § 1343(a)(3).

### I. PROCEDURAL HISTORY

The Magistrate Judge made the following findings and recommendations:

> This Court must dismiss any action filed by a prisoner if the Court determines the action (1) "is frivolous" or (2) "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2); *see* 28 U.S.C. § 1915A. The first standard includes claims based upon "'an indisputably meritless legal theory,'" or claims where the "'factual contentions are clearly baseless.'" *Clay v. Yates*, 809 F. Supp. 417, 427 (E.D. Va. 1992) (*quoting Neitzke v. Williams*, 490 U.S. 319, 327 (1989)). The second standard is the familiar standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6).
> 
> "A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (*citing* 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *Mylan Labs., Inc. v.*

*Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993); *see also Martin*, 980 F.2d at 952.

The Federal Rules of Civil Procedure "require[] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1964 (2007) (*quoting Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Courts long have cited the "rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [a] claim which would entitle him [or her] to relief." *Conley*, 355 U.S. at 45-46. In *Bell Atlantic Corp.*, the United States Supreme Court noted that the complaint need not assert "detailed factual allegations," but must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." 127 S. Ct. at 1964-65 (citations omitted). Thus, the "[f]actual allegations must be enough to raise a right to relief above the speculative level," *id.* at 1965 (citation omitted), to one that is "plausible on its face," *id.* at 1974, rather than "conceivable." *Id.* Therefore, in order for a claim or complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." *Bass v. E.I. Dupont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (*citing Dickson v. Microsoft Corp.*, 309 F.3d 193, 213 (4th Cir. 2002); *Iodice v. United States*, 289 F.3d 270, 281 (4th Cir. 2002)). Lastly, while the Court liberally construes *pro se* complaints, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), it does not act as the inmate's advocate, *sua sponte* developing statutory and constitutional claims the inmate failed to clearly raise on the face of his complaint. *See Brock v. Carroll*, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### Summary of Allegations

Plaintiff, an inmate confined in the Virginia Department of Corrections, has filed this 42 U.S.C. § 1983 action against his former employer, Tidewater Skanska, Inc. ("Tidewater"). Plaintiff alleges that Tidewater's employees engaged in racial and gender discrimination, retaliation, and sexual harassment in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*.

### Analysis

In order to state a viable claim under 42 U.S.C. § 1983, a plaintiff must allege that a person acting under color of state law deprived him or her of a constitutional right or of a right conferred

by a law of the United States. *See Dowe v. Total Action Against Poverty in Roanoke Valley*, 145 F.3d 653, 658 (4th Cir. 1998). Here, Plaintiff has failed to identify what constitutional right was purportedly infringed.[1] Even if the Court were to liberally construe Plaintiff to have raised his race discrimination claim under the Equal Protection Clause of the Fourteenth Amendment[2] pursuant to 42 U.S.C. § 1983,[3] the Court would still recommend dismissal for failure to state a claim because Tidewater, the only named defendant in this action, is a private corporation not covered by Section 1983. *See Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999). Plaintiff has provided no explanation as to why this Court should consider Tidewater to be a state actor or to have acted under color of state law. *See Holly v. Scott*, 434 F.3d 287, 293-294 (4th Cir. 2006); *Mentavlos v. Anderson*, 249 F.3d 301, 313 (4th Cir. 2001); *see also Am. Mfrs.*, 526 U.S. at 50 ("[T]he under-color-of-state-law element of § 1983 excludes from its reach 'merely private conduct, no matter how discriminatory or wrongful.'" (*quoting Blum v. Yaretsky*, 457 U.S. 991, 1002 (1982))). Accordingly, Plaintiff has no claim against this private corporation.

---

[1] The only rights Plaintiff specifically identifies as having been violated are those rights set forth in Title VII. Title VII, however, prohibits a claimant from invoking the jurisdiction of the federal courts unless the claimant has exhausted the administrative procedures enumerated in 42 U.S.C. § 2000e-5 and been issued a right-to-sue letter by the Equal Employment Opportunity Commission ("EEOC"). *See Davis v. N.C. Dep't of Corr.*, 48 F.3d 134, 137-38 (4th Cir. 1995). As the Supreme Court has recognized, "action by the EEOC . . . is a predicate for litigation based on the federal statute." *Yellow Freight Sys., Inc. v. Donnelly*, 494 U.S. 820, 825 (1990). In his complaint, Plaintiff states that he has filed an action with the EEOC but admits that the EEOC has not yet addressed his complaint. Thus, the undersigned recommends dismissal of Plaintiff's Title VII claims for lack of subject matter jurisdiction. *See In re Bulldog Trucking, Inc.*, 147 F.3d 347, 352 (4th Cir. 1998) (requiring district court to determine, *sua sponte*, if a valid basis for its jurisdiction exists, "and to dismiss the action if no such ground appears."); *see also* Fed. R. Civ. P. 12(h)(3).

[2] "No State shall . . . deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1.

[3] *Tipler v. Douglas County*, 482 F.3d 1023, 1027 (8th Cir. 2007) (recognizing that analysis under Title VII and § 1983 is essentially the same when a plaintiff alleges an equal protection violation (citing cases)).

**Conclusion**

For the aforementioned reasons, it is RECOMMENDED that Plaintiff's claims and the action be DISMISSED WITHOUT PREJUDICE.

(May 2, 2008 Report and Recommendation.) The Court advised Plaintiff that he could file objections or an amended complaint within ten (10) days of the date of entry thereof. Plaintiff failed to file objections or an amended complaint.

## II. STANDARD OF REVIEW

"The magistrate makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this court." *Estrada v. Witkowski*, 816 F. Supp. 408, 410 (D.S.C. 1993) (*citing Mathews v. Weber*, 423 U.S. 261, 270-71 (1976)). This Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). "The filing of objections to a magistrate's report enables the district judge to focus attention on those issues-factual and legal-that are at the heart of the parties' dispute." *Thomas v. Arn*, 474 U.S. 140, 147 (1985). In the absence of a specific written objection, this Court may adopt a magistrate judge's recommendation without conducting a *de novo* review. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005), *cert. denied*, 546 U.S. 1091 (2006).

## III. CONCLUSION

There being no objections and upon review of the record and the Report and Recommendation, the Report and Recommendation will be ACCEPTED AND ADOPTED, and the action will be DISMISSED. The Clerk will be DIRECTED to note the disposition of the action for purposes 28 U.S.C. § 1915(g).

An appropriate Order will accompany this Memorandum Opinion.

/s/
James R. Spencer
Chief United States District Judge

Date: 2-3-09
Richmond, Virginia